IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| *vs.* | § § | C.A. NO. H – 16 – 55 ADMIRALTY |
| M/V DEFIANT, *her tackle, apparel, furniture, equipment, etc., et al.* | § § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V DEFIANT, *in rem*, and Defiant Shipping & Trading S.A. ("Defiant"), Phoenix Shipping & Trading S.A. ("Phoenix"), Pan Ocean Co., Ltd. ("Pan Ocean") and AllTrans Port Services, Inc. ("AllTrans"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.   This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.   Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan.  At all times material, Plaintiff insured Toyota Tsusho Corporation

("Toyota") and/or the cargo. Plaintiff paid Toyota for the loss of the cargo under an insurance policy and/or is contractually and/or equitably subrogated to Toyota's interest in the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. On information and belief and at all times material, the M/V DEFIANT was an ocean going vessel, registered in Liberia, bearing International Maritime Organization (IMO) No. 9251030, weighing approximately 29,885 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. On information and belief and at all times material, Defiant owned, chartered, managed and/or operated the M/V DEFIANT as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai, People's Republic of China and Houston. On information and belief, Defiant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Defiant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a

resident agent in Texas.  Alternatively, although Defiant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Defiant has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Defiant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defiant with a summons is effective to establish personal jurisdiction over it.  Defiant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defiant at its home office in care of Phoenix Shipping & Trading SA, 47–49 Akti Miaouli, 185 36 Piraeus, Greece.

5. On information and belief and at all times material, Phoenix managed and/or operated the M/V DEFIANT as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston.  On information and belief, Phoenix is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by managing and/or operating vessels carrying cargo to and from Texas, managing and/or operating vessels in Texas navigational waters, entering into contracts for the management and/or operation of vessels in Texas, entering into contracts for the management and/or operation of vessels to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Phoenix is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not

designated or maintained a resident agent in Texas. Alternatively, although Phoenix may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Phoenix has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Phoenix is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Phoenix with a summons is effective to establish personal jurisdiction over it. Phoenix can be served by serving the Texas Secretary of State. Process or notice can be sent to Phoenix at its home office, 47–49 Akti Miaouli, 185 36 Piraeus, Greece.

6. On information and belief and at all times material, Pan Ocean chartered, managed and/or operated the M/V DEFIANT as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston. On information and belief, Pan Ocean is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Pan Ocean is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies

4

Code but has not designated or maintained a resident agent in Texas. Alternatively, although Pan Ocean may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, on information and belief, Plaintiff's action arises under federal law and Pan Ocean has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Pan Ocean is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Pan Ocean with a summons is effective to establish personal jurisdiction over it. Pan Ocean can be served by serving the Texas Secretary of State. Process or notice can be sent to Pan Ocean at its home office, 98, Huam–Ro, Jung–gu, Seoul, 100–958, South Korea.

7. On information and belief and at all times material, AllTrans was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston, handling and storing maritime cargos, and/or carrying maritime cargos over the road in interstate and/or intrastate commerce in, to and from places in Texas. AllTrans can be served by its registered agent, Donna V. Rains, 2317 North Lago Vista, Pearland, Texas 77581.

8. On or about November 12, 2014, Toyota's shipper tendered in good order and condition to the M/V DEFIANT, Defiant, Phoenix and/or Pan Ocean at Shanghai a cargo of stainless steel seamless pipe. Defiant, Phoenix and/or Pan Ocean agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight

5

charges. Defiant, Phoenix and/or Pan Ocean acknowledged receipt of the cargo in good order and condition, and accordingly therewith, issued at Shanghai one or more bills of lading, including Bill of Lading No. POBUSHAHOU141090, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V DEFIANT.

9. On or about January 8, 2015, the M/V DEFIANT arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged. The loss and Plaintiff's resulting damages proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

10. Alternatively, on information and belief, the loss and Plaintiff's resulting damages proximately resulted from the unseaworthiness of the M/V DEFIANT.

11. Alternatively, on information and belief, the loss and Plaintiff's resulting damages proximately resulted from Phoenix's act(s) and/or omission(s) constituting negligence in managing and/or operating the M/V DEFIANT.

12. Alternatively, Defiant, Phoenix and Pan Ocean tendered the cargo in good order and condition to AllTrans at the Port of Houston, and AllTrans promised safely to receive, load, stow, secure, carry, unload and deliver the cargo to Toyota or its consignee at Houston in the same good order and condition as when received, in consideration of

6

paid freight charges. AllTrans acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various receipts, bills of lading and/or other shipping memoranda free of exceptions or other notations for shortage, damage or other loss.

13. When AllTrans later tendered the cargo to Toyota or its consignee, the cargo no longer was in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged. The loss and Plaintiff's resulting damages proximately resulted from AllTrans' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee and/or common carrier of goods by road for hire.

14. Plaintiff proximately has sustained damages exceeding $369,200.03 plus interest dating from November 12, 2014, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V DEFIANT, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V DEFIANT be

condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V DEFIANT, *in rem*, and Defiant Shipping & Trading S.A., Phoenix Shipping & Trading S.A., Pan Ocean Co., Ltd. and AllTrans Port Services, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

    Respectfully submitted,

    *SHARPE & OLIVER, L.L.P.*

    By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, Suite F570
    Houston, Texas 77007
    Telephone:	(713) 864–2221
    Facsimile:	(713) 864–2228
    Email:	macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

    ATTORNEYS FOR PLAINTIFF