United States District Court
Southern District of Texas
**ENTERED**
August 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-55 |
| | § | |
| M/V DEFIANT, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Pending before the court is the motion to dismiss of defendant Defiant Shipping & Trading, S.A., Liberia ("Defiant") and defendant Phoenix Shipping & Trading, S.A. ("Phoenix") for lack of personal jurisdiction and lack of service of process. Dkt. 8.

In its response, plaintiff Mitsui Sumitomo Insurance Co., Ltd. ("Mitsui") agrees to dismiss Phoenix without prejudice (Dkt. 36, p. 2) and only argues for specific jurisdiction over Defiant. (*Id*.), thus conceding that the court does not have general jurisdiction over Defiant.

Therefore, the sole issue to be decided is whether the court has specific jurisdiction over Defiant. After a careful review of the briefing and the applicable law, the court concludes that it does not have specific jurisdiction over Defiant.

Defiant, as owner of the M/V DEFIANT, entered into a time charter with Pan Ocean Co., Ltd. ("Pan Ocean"), under the terms of which Pan Ocean had the authority to determine where the vessel would call to load and discharge cargo. The charter party contemplated that the vessel might call at U.S. ports, but did not set forth any specific U.S. ports of call. (Dkt. 36, Ex. A, p. 8, clause 40 and p.10, clause 49). Mitsui has not established that Defiant specifically directed business activities to Texas or that Defiant should have anticipated being sued in Texas. The M/V DEFIANT

was, at all material times, under the control and direction of the charterer, Pan Ocean (Dkt. 36, Ex. A, p. 2, paragraph 8).

The master of the M/V DEFIANT was authorized to sign bills of lading, or if requested by Pan Ocean, to authorize agents to sign bills of lading "as presented." *Id*. Mitsui has conceded that the bill of lading for the cargo in question was presented by Pan Ocean and signed by Shanghai United International Ocean Shipping Agency, Ltd. "as agent for and on behalf of master." (Dkt. 36, paragraph 10). This is not evidence of Defiant purposely directing its business activities towards Texas.

Finally, the plaintiff relies on a December 18, 2015 marine surveyor's report (Dkt. 36, Ex. D) to establish that the damage to the cargo occurred during the voyage of the M/V DEFIANT from Shanghai to Houston. Defiant has objected to the report as hearsay. Defiant's objection is sustained, however, even if the court were to consider the report, it does not establish where the damage to the cargo occurred.

Therefore, the motion to dismiss of Defiant and Phoenix is GRANTED. Mitsui's claims against Phoenix are DISMISSED WITHOUT PREJUDICE and Mitsui's claims against Defiant are DISMISSED FOR LACK OF PERSONAL JURISDICTION.

Signed at Houston, Texas on August 23, 2016.

_____
Gray H. Miller
United States District Judge

2